FILED
7/13/2016 11:05:18 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Michelle Garcia

2CITSPPS SOS SAC3

CAUSE NO. **2016CI11638**

| | | |
|---|---|---|
| **JARED ALMAZAN,** | § | IN THE DISTRICT COURT |
| **PLAINTIFF** | § | |
| | § | |
| VS. | § | 225 JUDICIAL DISTRICT |
| | § | |
| **TULLY'S TRANSPORT AND** | § | |
| **JOSE GUTIERREZ,** | § | |
| **DEFENDANTS** | § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Plaintiff Jared Almazan ("Plaintiff"), and complains of **Tully's Transport and Jose Gutierrez** ("Defendants"), and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1. Plaintiff intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

2. Plaintiff **Jared Almazan** ("Almazan") is an individual residing in Bexar County, Texas.

3. Defendant **Jose Gutierrez D/B/A Tully's Transport** ("Tully's") is a personal business located in 1011 Pleasant Avenue, Yakima, Washington, 98902 and may be served with process through the Texas Secretary of State located at P.O. Box 12079 Austin, Texas 78711-2079. Citation is requested at this time.

**"Exhibit A"**

4. Defendant **Jose Gutierrez** ("**Gutierrez**") is a nonresident individual residing in 3601 W. Washington Avenue, #1, Yakima, Washington, 98903 and a nonresident of the State of Texas. Defendant Jose Gutierrez may be served with process through the Texas Secretary of State located at P.O. Box 12079 Austin, Texas 78711-2079. Citation is requested at this time

### III.
### JURISDICTION AND VENUE

5. Venue is proper in Bexar County, Texas pursuant to § 15.002(a) (1) of the TEXAS CIVIL PRACTICE & REMEDIES CODE because the incident which forms the basis of this lawsuit occurred in Bexar County, Texas.

6. This Court has jurisdiction over the parties named herein because Defendants are residents and citizens of the State of Texas and/or routinely and regularly conduct business in this State.

### IV.
### FACTS

7. On or about October 29, 2014, **Plaintiff Jared Almazan** was operating his motor vehicle in a lawful manner in Bexar County, San Antonio, Texas when suddenly, violently, and without warning, the Plaintiff's vehicle was struck from behind by another vehicle driven by **Defendant Jose Gutierrez**. At all times relevant, **Defendant Jose Gutierrez** was operating a company tractor trailer while in the course and scope of employment with his employer, **Defendant Tully's Transport**. An investigating officer attributed "driver inattention" to **Defendant Jose Gutierrez** as a contributing factor to causing the accident. As a result of the collision, Plaintiff sustained injuries to his head, neck, back and other parts of his body, as more fully set forth below.

### V.
### CAUSES OF ACTION

8. The collision that made the basis of this suit and the resulting injuries and damages to Plaintiff were proximately and directly caused by the negligent conduct of the Defendants.

9. **Defendant Jose Gutierrez** operated the vehicle in a negligent manner because he violated the duty which he owed the Plaintiff to exercise ordinary care in the operation of the vehicle in one or more of the following respects:

   a. in failing to timely apply the brakes in an effort to avoid the collision in question;

   b. in failing to drive defensively to avoid the collision;

   c. in failing to make safe decisions while driving;

   d. in failing to blow his horn to warn of imminent collision;

   e. in driving his vehicle in willful or wanton disregard for the safety of persons and/or property, including Plaintiff, in violation of Texas Transportation Code § 545.401.

10. **Defendant Gutierrez's** actions also constitute *negligence per se*, as a result of violations of the above provisions of the Texas Transportation Code.

11. **Defendant Tully's Transport** is liable under the doctrine of *respondeat superior* in that **Defendant Jose Gutierrez** was operating the motor vehicle while in the course and scope of employment with permission and/or consent.

12. Additionally, **Defendant Tully's Transport** was negligent in one or more of the following respects:

   a. negligent hiring of Defendant Jose Gutierrez;

   b. negligent entrustment of the vehicle to Defendant Jose Gutierrez;

   c. negligence in failing to ensure driver qualifications;

   d. negligent training and supervision of Defendant Jose Gutierrez;

   e. negligent retention of Defendant Jose Gutierrez.

13. Plaintiff would further show that the Defendants' negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, it involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff. Defendants had actual, subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of the Plaintiff as well as others similarly situated.

14. The acts and/or omissions on the part of the Defendants constitute malice and/or gross negligence as that term is defined in §§ 41.001(7) and 41.001(11) CIVIL PRACTICE & REMEDIES CODE in that said conduct was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were aware of the risk but, nevertheless, proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiff.

15. The above acts and/or omissions, whether taken singularly or in any combination, constitute negligence, gross negligence and malice and were the proximate cause of the occurrence in question and the resulting injuries and damages sustained by the Plaintiff.

## VI.
## DAMAGES

16. As a direct and proximate result of the collision and the negligent conduct of the Defendants, **Plaintiff Jared Almazan** suffered severe and permanent bodily injuries to his head, neck, back, and other parts of her body generally. The injuries have had a serious effect on the Plaintiff's health and well-being. These specific injuries and their ill effects have, in turn, caused her physical and mental condition to deteriorate generally and the specific injuries and ill effects have and will, in reasonable probability, cause her to suffer consequences and ill effects of this deterioration throughout her body in the future, if not for the balance of her natural life. The Plaintiff has also suffered great physical

Plaintiff's Original Petition          Page 4

**"Exhibit A"**

and mental pain, suffering and anguish and, in reasonable probability, will continue to suffer in this manner in the future, if not for the balance of her natural life.

17. Additionally, as a direct and proximate result of the occurrence that made the basis of this lawsuit, Plaintiff was caused to incur the following damages:

   a. Reasonable medical care and expenses in the past;
   b. Reasonable and necessary medical care and expenses, which will, in all reasonable probability be incurred in the future;
   c. Physical pain and suffering in the past;
   d. Physical pain and suffering, which will, in all reasonable probability, be suffered in the future;
   f. Physical impairment and disability in the past;
   g. Physical impairment and disability, which will, in all reasonable probability be suffered in the future;
   h. Lost wages in the past;
   i. Loss of wage earning capacity;
   j. Mental anguish in the past;
   k. Mental anguish which will, in all reasonable probability, be suffered in the future;
   k. Physical disfigurement in the past, and which will, in all reasonable probability, be suffered in the future.

18. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief over **ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiff **Jared Almazan** deems himself justly entitled at the time of filing this suit, which, with the passage of time, may change.

## VII.
## INTEREST

19. Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## VIII.
## DEMAND FOR JURY TRIAL

20. Plaintiff demands a trial by jury. Plaintiff acknowledges payment this date of the required jury fee.

## IX.
## REQUEST FOR DISCLOSURE

21. Pursuant to RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, the Defendants are requested to disclose, within fifty (50) days of service hereof, the information and material described in each section of RULE 194.2.

## X.
## NOTICE OF SELF-AUTHENTICATION

22. Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, the Defendants are hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## XI.
## PRAYER

Plaintiff **Jared Almazan** respectfully prays that the Defendants be cited to appear and answer herein, and that upon final hearing of this cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for actual compensatory damages and exemplary damages, in an amount within the jurisdictional limits of this Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

Law Offices of Thomas J. Henry
521 Starr Street
Corpus Christi, Texas 78401
361/ 985-0600 – Phone
361/ 985-0601 – Facsimile

By: **/s/ Andrew D. Poulis**
    Thomas J. Henry
    SBN: 09484210
    Andrew D. Poulis
    SBN: 24083680
    apoulis-svc@thomasjhenrylaw.com
    *service by email to this address only

    ATTORNEYS FOR PLAINTIFF

Secretary of State
Service of Process
P.O. Box 12079
Austin, Texas 78711-2079



7190 1046 4701 0064 2101

**Return Receipt (Electronic)**

2016268923-1

JOSE GUTEIRREZ
3601 W. Washington Avenue, #1
Yakima, WA 98903

--------CUT / FOLD HERE--------

# "Exhibit A"

## The State of Texas



### Secretary of State

Service of Process  
P.O. Box 12079  
Austin, Texas 78711-2079

Phone: 512-463-5560  
Fax: 512-463-0873  
TTY (800) 735-2989  
www.sos.state.tx.us

August 8, 2016

JOSE GUTEIRREZ  
3601 W. Washington Avenue, #1  
Yakima, WA 98903

> 2016-268923-1  
> Include reference number in all correspondence

RE: JARED ALMAZAN VS. TULLYS TRANSPORT ET AL  
225th Judicial District Court Of Bexar County, Texas  
Cause No: 2016CI11638

Dear Sir/Madam,

Pursuant to the Laws of Texas, we forward herewith by CERTIFIED MAIL, return receipt requested, a copy of process received by the Secretary of State of the State of Texas on August 3, 2016.

CERTIFIED MAIL #71901046470100642101

Refer correspondence to:

Thomas J. Henry  
The Law Offices of Thomas J. Henry  
521 Starr Street  
Corpus Christi, TX 78401

Sincerely,

*Venita Okpegbue*

Venita Okpegbue  
Team Leader, Service of Process  
GF/mo  
Enclosure

## "Exhibit A"



PRIVATE PROCESS

Case Number: 2016-CI-11638

2016CI11638 S00001

JARED ALMAZAN
VS.
TULLYS TRANSPORT ET AL
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
225th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: JOSE GUTIERREZ
BY SERVING THE TEXAS SECRETARY OF STATE

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 13th day of July, 2016.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 14TH DAY OF JULY A.D., 2016.

PETITION

268923

ANDREW D POULIS
ATTORNEY FOR PLAINTIFF
521 STARR ST
CORPUS CHRIST, TX 78401-2344



Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Krystal Gonzalez*, Deputy

### OFFICER'S RETURN

I received this citation on _____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____o'clock ___M. at:_____ or ( ) not executed because _____ Fees:_____ Badge/PPS #:_____
Date certification expires:_____

_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO this _____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is_____, my date of birth is_____, and my address is _____, _____(County).
I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas on the _____ day of_____, 20___.

RECEIVED
SECRETARY OF STATE
AUG 0 3 2016
Service of Process

_____
Declarant

ORIGINAL (DK002)

"Exhibit A"